UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHADNEY HAMER,

    Plaintiff,

v.

DEBRA ALLEN et al.,

    Defendants.

Case No. 22-11317

Hon. Shalina D. Kumar

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

Plaintiff Shadney Hamer, a prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Hamer complains that five corrections officials at the Cooper Street Correctional Facility in Jackson, Michigan, retaliated against him for filing grievances and were deliberately indifferent to his serious medical needs, in violation of the First and Eighth Amendments to the Constitution. Because Hamer has failed to state a claim upon which relief may be granted as to defendants Sgt. Tish, Lt. Payne, ARUM/CO Pearl, and ARUS Davison, they are dismissed from the complaint. The lawsuit may proceed against defendant Allen.

## I.  BACKGROUND

Hamer sued Defendants Corrections Officer Debra Allen, Sgt. Tish, Lt. Payne, ARUM/CO Pearl, and ARUS Davison in their individual capacities. He summarizes his complaint as follows:

> Housed in a medical facility (RG&C C-unit) for severe anaphylaxis Plaintiff Shadney Hamer was retaliated against multiple times after filing a grievance. From January 13th – April 22nd, 2022, defendant Debra Allen falsely accused Plaintiff of misconducts, denied him access to medical services in an urgent situation, confiscated law work, threatened, harassed and degraded the Plaintiff.
>
> Plaintiff's cries for help were heard but ignored by Defendant Allen's superiors.

ECF No. 1, PageID.57. The complaint and exhibits provide a detailed timeline of the alleged cycle of grievances by Hamer and misconduct tickets, threats, and harassment by Allen. These include Hamer's grievances against Allen for intimidating and threatening behavior, harassment, filing a false sexual misconduct ticket, and for conspiring to write retaliatory tickets. *Id.* at PageID.7-8, 10-12. Allen wrote Hamer disciplinary tickets for insolence, disobeying a direct order, and violating posted rules. *Id.* at PageID.7-11, PageID.38. Hamer was briefly sent to segregation for alleged sexual misconduct, although that ticket was withdrawn, and Hamer was denied a copy of the ticket. *Id.* at PageID.9.

Hamer attempted to address Allen's harassment with the other defendants. In January 2022, Lt. Payne found Hamer not guilty of an Allen-issued insolence ticket. *Id.* at PageID.7, 35. He told Hamer that Allen was known for this behavior and instructed Plaintiff to "keep [his] head down." *Id.* at PageID.7. In March, Hamer told Payne, Pearl, and Tish about Allen's retaliation. *Id.* at PageID.8. Also in March, Davison told Hamer he had no authority to address Allen's harassment. *Id.* at PageID.12. Davison also told Hamer to keep his head down and instructed him to talk to Pearl. *Id.* At one point, Pearl told Hamer she would handle the situation; later Pearl told him "[s]he didn't want to hear it." *Id.* at PageID.8, 13. Hamer also complains Davison refused to give him an appeal form. *Id.* at PageID.13.

Hamer had a Medical Special Accommodations order to address his heightened risk of anaphylactic shock, directing that he must be taken to the ER immediately on the presentation of symptoms of an allergic reaction. ECF No. 1, PageID.31. Allen was aware of Hamer's condition and accommodation order. *Id.* at PageID.10, 31. Allen wrote Hamer a ticket for a rules violation while he was experiencing an allergic reaction because he was talking to prisoners in the yard through an open window. *Id.* at PageID.10, 38. Hamer explains he was yelling out the window to tell another prisoner to inform healthcare that Allen would not let him come to

medical despite his symptoms. *Id.* at PageID.11. Hamer went to the hospital the next day and was treated for an allergic reaction. *Id.* at PageID.34.

For relief, Hamer requests punitive damages of $15,000 against Allen, and $5,000 each against defendants Tish, Payne, Pearl and Davison. *Id.* at PageID.48. He also requests that the disciplinary convictions listed in the complaint be expunged from his institutional record. *Id.*

## II.   DISCUSSION

**A. PLRA Screening Standard**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court must screen for colorable merit every prisoner complaint filed against a state or governmental entity and is required to dismiss those prisoner actions in which the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A(b); 42 U.S.C. § 1997e(c)). The screening requirement extends to all prisoner civil cases, whether fee-paid or *in forma pauperis*, "as the statute does not differentiate between civil actions brought by prisoners." *In re*

*Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). A complaint is frivolous if it lacks an arguable basis in law or fact and may be dismissed if it is "based on legal theories that are indisputably meritless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well

5

as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.*

To establish a *prima facie* civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Plaintiffs must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citations omitted). They must also establish that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S.at 676

### B. Plaintiff has failed to state a claim against four defendants

Hamer alleges that he spoke to defendants Davison, Tish, Pearl, and Payne and, to one degree or another, all acknowledged Allen's harassment and retaliation. Although Payne found Hamer not guilty on one of Allen's misconduct tickets against him, none of the defendants took any action to address Allen's mistreatment of Hamer.

Hamer's allegations against these defendants are insufficient to find them liable for constitutional violations against him. Section 1983 plaintiffs "cannot generically hold one defendant liable for another's actions." *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 512 (6th Cir. 2020). Instead, they "must allege that each defendant, through that defendant's own actions, subjected [them] (or caused [them] to be subjected) to the constitutional deprivation." *Id.* (quoting *Jane Doe v. Jackson Local Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 934 (6th Cir. 2020)) (quotation marks and original alterations omitted).

Further, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Instead, liability must be premised on active unconstitutional behavior and not just a failure to act. *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (failure to intervene does not subject supervisors to liability under § 1983); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (supervisory liability under § 1983 does not attach when premised on mere failure to act).

None of the individual actions of these four defendants described by Hamer deprived him of his constitutional rights. Nor is the fact that defendants were Allen's superior officers enough to impose liability on them under § 1983. The retaliation Hamer alleges was carried out by Allen. The other defendants' awareness of Allen's conduct, and their failure to address it, fails to state a claim against them upon which relief may be granted. They are dismissed from the complaint.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the defendants Payne, Pearl, Tish, and Davison are **SUMMARILY DISMISSED** from the complaint. The case may proceed against defendant Allen.

**IT IS SO ORDERED**.

                                            s/Shalina D. Kumar
                                            SHALINA D. KUMAR
                                            United States District Judge

Date: February 13, 2023